318 S.E.2d 458

**Warren C. TEDDER**

v.

**WCC & SLAB FORK COAL COMPANY.**

**No. 16189.**

Supreme Court of Appeals of West Virginia.

July 11, 1984.

Don M. Stacy, Beckley, for appellant.

W.F. Richmond, Jr., Bowers, Hodson, Henderson & Richmond, Beckley, for appellee.

PER CURIAM.

This is an appeal by the claimant, Warren C. Tedder, from the November 9, 1983 order of the Workers' Compensation Appeal Board, which affirmed the Workers' Compensation Commissioner's statutory award of 5% permanent partial disability for occupational pneumoconiosis without impairment. West Virginia Code § 23–4–6a (1981 Replacement Vol.). We reverse the decision of the Appeal Board, and remand the claim to the Commissioner for the taking of new evidence where necessary and reconsideration of the percentage of permanent disability.

On April 8, 1981, the claimant filed an application for workers' compensation benefits for disability due to occupational pneumoconiosis. The Commissioner determined that the claimant's occupational exposure to the hazards of the disease met the requirements of West Virginia Code § 23–4–15b (1981 Replacement Vol.), and referred the claimant to the Occupational Pneumoconiosis Board for medical evaluation.

The Occupational Pneumoconiosis Board examined and tested the claimant. In their report dated December 1, 1981, the Board concluded there was sufficient evidence of occupational pneumoconiosis to recommend a 5% award. In accordance with the Board's conclusion, the Commissioner granted a 5% award for occupational pneumoconiosis without measurable impairment.

The claimant protested the Occupational Pneumoconiosis Board's findings. On July 28, 1982 a protest hearing was held where Board members Dr. James H. Walker and Dr. William Revercomb were cross-examined concerning the medical evidence. At the hearing, the claimant introduced into evidence an examination report by Dr. M. Jamil Ahmed which included ventilatory and blood gas studies performed at Prince Medical Reference Laboratories. Dr. Ahmed concluded that the claimant suffered from occupational pneumoconiosis with a moderate degree of impairment.

In response to questions from counsel, Board members Walker and Revercomb testified that the studies performed at Prince Medical Reference Laboratories, except for the elevated A–a oxygen pressure gradient, produced normal results. The Board members appeared to indicate they were of the opinion that an A–a gradient calculation was not representative of an individual's ability to transfer oxygen and carbon dioxide, and therefore, they would not accept the A–a gradient evidence in assessing impairment. The conclusion of the testifying Board members was that the evidence supported their previous finding of occupational pneumoconiosis without functional impairment.

On September 9, 1982, the Commissioner affirmed her prior award of 5%. The claimant appealed, contending the medical evidence disregarded by the Board supported a finding of disability beyond the award granted. After reviewing the evidence and the testimony of the members of the Occupational Pneumoconiosis Board, the Appeal Board affirmed the Commissioner's ruling.

In *Persiani v. State Workmen's Compensation Commissioner*, 162 W.Va. 230, 248 S.E.2d 844 (1978), we held that competent medical evidence may not be disregarded, absent a showing that it is unreliable. The evidentiary problems relating to occupational pneumoconiosis claims have also been addressed in *Javins v. Workers'*

**516**

*Compensation Commissioner,* 173 W.Va. 747, 320 S.E.2d 119 (1984), where, *inter alia,* we recognized that the Commissioner has a statutory duty to provide rules and regulations specifying examination and evaluation criteria to guide the Occupational Pneumoconiosis Board and outside physicians. "These regulations should permit claimants and employers to meet the accuracy and reliability requirements of the Occupational Pneumoconiosis Board; and give notice of the evaluation criteria employed by this medical body which assists the Commissioner by interpreting the medical evidence in each case." *Javins,* 173 W.Va. at 760, 320 S.E.2d at 132.

It is uncontested that the claimant has occupational pneumoconiosis which arose in the course of and resulted from his employment. The only question is the degree of functional impairment sustained by the claimant and, thus, the amount of permanent partial disability he has suffered. We have repeatedly held that in workers' compensation claims evidence is to be construed liberally in favor of the claimant. *Javins, supra; Persiani, supra; Workman v. Workmen's Compensation Commissioner,* 160 W.Va. 656, 236 S.E.2d 236 (1977).

Although the Occupational Pneumoconiosis Board did not accept it, the A–a oxygen pressure gradient results may justify a finding that the claimant is entitled to a greater award under *Persiani* and *Javins.* However, it is not clear from the record why the Occupational Pneumoconiosis Board disregarded the A–a gradient evidence.

If the Board's decision was due to this particular calculation being incorrect or unreliable on its face, then this evidence may only be discounted when accompanied by explicit findings of fact regarding the reasons for such action. If, on the other hand, the A–a gradient evidence was disregarded because there is a split of opinion in the medical community as to its accuracy as an indicator of impairment, and the Occupational Pneumoconiosis Board is of the opinion that it is unacceptable, then *Persiani* and *Javins* nevertheless require this evidence to be given its proper weight. Especially since "according peculiar weight to a particular expert without prior notice or formal rules in that regard was clearly wrong." *Persiani,* 162 W.Va. at 237, 248 S.E.2d at 849.

It is therefore, Adjudged, Ordered and Decreed that the November 9, 1983 order of the Workers' Compensation Appeal Board be, and the same hereby is reversed; and it is further Adjudged, Ordered and Decreed that the case be remanded to the Workers' Compensation Commissioner with directions to reconsider the claim, take additional evidence where necessary, and enter an award consistent with this Order.

All of which is certified to the Workers' Compensation Appeal Board and the Workers' Compensation Commissioner.